

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Donald Alluma
County Auditor
Hardin County
Kountze, Texas

Dear Sir:

Opinion No. O-5788
Re: Whether Article 6594 and
Article 6597 require
county clerks to keep two
separate books to comply
with said statutes.

Your letter of December 22, 1943, requesting the opinion of this department regarding the above stated matter reads in part as follows:

"Article 6594 R.C.S. provides that when any instrument in writing authorized by law to be recorded shall be deposited in the office of the county clerk, the clerk shall enter in a book to be provided for that purpose, alphabetical order, the names of the parties and date and nature thereof, and the time of delivery for record, etc. AND Article 6597 R.C.S. provides that each county clerk shall keep in alphabetical order a well bound index to all books of records wherein deeds, powers of attorney, mortgages or other instruments of writing concerning lands and tenements are recorded, etc.

"Please advise whether it is the opinion of that Department that to comply with the above two articles, it is necessary for the clerk to have two books. One to comply with article 6594 and another to comply article 6597. Or may the requirements of both articles be complied with by using only one book, if all provisions incorporated in these two articles are arranged and covered in one book only?"

Article 6594, V.A.C.S. provides:

"When any instrument of writing authorized
by law to be recorded shall be deposited in the
county clerk's office for record, as the same
is acknowledged or approved in the manner pre-
scribed by law for record, the clerk shall enter
in a book to be provided for that purpose, in
alphabetic order, the names of the parties and
date and nature thereof, and the time of deliv-
ery for record; and shall give to the person
depositing the same, if required, a receipt
specifying the particulars thereof."

Article 6597, V.A.C.S. reads as follows:

"Each county clerk shall keep in alphabetic
order a well bound index to all books of records
wherein deeds, powers of attorney, mortgages or
other instruments of writing concerning lands
and tenements are recorded, distinguishing the
books and pages in which every such deed or
writing is recorded."

It will be noted that Article 6594, expressly pro-
vides that the clerk shall enter into a book to be provided
for that purpose, in alphabetic, the names of the parties
and the date and nature thereof, and the time of delivery
for record when any instrument of writing authorized by law
to be recorded shall be deposited in the county clerk's off-
ice for record, if the same is acknowledged or proved in the
manner prescribed by law for record. The language of this
statute strongly indicates that a separate book must be pro-
vided and kept for the purpose required by said Article.
Apparently this statute imposes the duty upon the clerk to
first and at once enter the instrument on the file register
and then enter it upon the records. The book provided and
kept for the purpose required by Article 6594 is sometimes
called the "File Register".

Article 6597 requires the county clerk to keep in
alphabetic order a well bound index to all books of records

Honorable Donald A llums, Page 3

wherein deeds, powers of attorney, mortgages or other instru-
ments of writing concerning land and tenements are recorded,
distinguishing the books and pages in which every such deed
or writing is recorded.

In the case of Throckmorton, et al. vs. Price, et
al., 28 Texas Reports, 606, the Court had under consideration
certain registration statutes similar to the ones under con-
struction and said:

"... And to enable all persons who may
wish to examine the office to ascertain what in-
struments have been deposited for record, it is
also made the duty of the clerk (O. & W. Art.
1707) when any instrument has been deposited for
record, to enter in alphabetical order, in a book
to be provided for that purpose, the names of
the parties to such instrument, the date and
nature thereof, and the time of its delivery for
record. And, as a further facility and security
for persons wishing to make an examination in
the office of the recorder for instruments re-
quired by law to be recorded, the clerk, after
recording any such instrument, is directed to
enter the same in the index books which he is re-
quired to keep of recorded instruments."

After carefully considering the foregoing statutes
it is our opinion that it was contemplated by the Legislature
when enacting the foregoing statutes that the county clerk
should have two separate books, one for the purpose required
by Article 6594 and one for the purpose required by Article
6597.

APPROVEDJAN 17, 1944

ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:ff


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN